**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| **JENNIFER PARROTT,** Individually and on behalf of all others similarly situated, <br><br> **Plaintiff,** <br><br> v. <br><br> **KINDRED HEALTHCARE, LLC,** <br><br> **Defendant.** | Case No. 3:22-CV-384-RGJ <br><br> **JURY TRIAL DEMANDED** <br><br> **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(B)** <br><br> **CLASS ACTION PURSUANT TO FED. R. CIV. P. 23** |

**ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT**

Plaintiff—Jennifer Parrott ("Parrott")—brings this action individually and on behalf of all current and former hourly employees, who were subject to an automatic meal break pay deduction (collectively "Plaintiff and the Putative Class Members"), and who worked for Defendant—Kindred Healthcare, LLC ("Kindred" or "Defendant")—anywhere in the United States, at any time during the relevant statutes of limitation through the final disposition of this matter, to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207, and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. § 216(b), and unpaid straight time wages pursuant to the Indiana Frequency of Wage Payments Act ("IWPS" or "Indiana Wage Payment Statute"), Ind. Code Ann. §§ 22-2-5-1–3.

**I.**
**OVERVIEW**

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and a class action pursuant to the state laws of Indiana, and FED. R. CIV. P. 23, to recover unpaid straight time wages, unpaid overtime wages, liquidated damages, and other applicable penalties.

2. Plaintiff and the Putative Class Members are those similarly situated persons who worked for Kindred at any time during the relevant statutes of limitation through the final disposition of this matter, and have not been paid for all hours worked nor the correct amount of overtime.

3. Although Plaintiff and the Putative Class Members have routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. Likewise, Plaintiff and the Putative Class Members worked under forty (40) hours per workweek on occasion and were not fully compensated at their regular rate of pay for all hours worked.

5. During the relevant time period(s), Kindred knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis.

6. Specifically, Kindred's regular practice—including during weeks when Plaintiff and the Putative Class Members worked in excess of forty (40) hours (not counting hours worked "off-the-clock")—was (and is) to automatically deduct a 30-minute meal-period (and sometimes one hour) from Plaintiff and the Putative Class Members' daily time even though they regularly performed compensable work (and continue to perform) "off the clock" through their respective meal-period breaks.

7. The effect of Kindred's practices was (and continues to be) that all compensable time worked by Plaintiff and the Putative Class Members was not (and is not) counted and paid; thus, Kindred has failed to properly compensate Plaintiff and the Putative Class Members for all hours worked and has failed to properly compensate them the proper amount of overtime.

8. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or relevant state law.

9. Plaintiff and the Putative Class Members seek to recover all unpaid overtime compensation, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid straight time compensation and other damages owed under the Indiana Act as a class action pursuant to FED. R. CIV. P. 23.

10. Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

11. Plaintiff also prays that the Rule 23 class be certified as defined herein, with Plaintiff Parrott designated as the Class Representative of the Indiana Class.

## II.
## THE PARTIES

12. Plaintiff Jennifer Parrott was employed by Kindred in Indiana during the relevant time periods. Plaintiff Parrott did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

13. The FLSA Collective Members are those current and former hourly employees who were employed by Kindred at any time from July 27, 2019, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Parrott worked and was paid.

14. The Indiana Class Members are those current and former hourly employees who were employed by Kindred in Indiana, at any time from July 27, 2020, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Parrott worked and was paid.

---

[1] The written consent of Jennifer Parrott is attached hereto as Exhibit "A."

15.     Defendant Kindred is a foreign limited liability company, licensed to and doing business in the State of Kentucky, and may be served through its registered agent for service of process: **CT Corporation System, 306 W. Main St., Suite 512, Frankfort, Kentucky 40601.**

## III.
## JURISDICTION & VENUE

16.     This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

17.     This Court has supplemental jurisdiction over the additional Indiana state law claims pursuant to 28 U.S.C. § 1367.

18.     Plaintiff has not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

19.     This Court has general jurisdiction over Kindred because Kentucky qualifies as its home state.

20.     Venue is proper pursuant to 28 U.S.C. § 1391(b) in the Western District of Kentucky because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

21.     Additionally, Kindred's corporate headquarters are in Louisville, Kentucky, which is located within this District and Division.

22.     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## BACKGROUND FACTS

23.     Defendant Kindred operates dozens of healthcare facilities providing healthcare services to its patients throughout the United States.[2]

---

[2] https://www.kindredhealthcare.com/about-us.

24. To provide its services, Kindred employed (and continues to employ) numerous hourly workers—including Plaintiff and the individuals that make up the putative or potential class.

25. Plaintiff and the Putative Class Members were employed by Kindred as non-exempt hourly employees who had a 30-minute lunch automatically deducted from their daily time.

26. Plaintiff and the Putative Class Members' job titles include (but are not limited to): Certified Medical Assistant, Registered Nurse, Patient Care Tech, Certified Nurse Assistant, Patient Care Assistant, Licensed Practical Nurse, and Unit Secretary.

27. Plaintiff and the Putative Class Members' job duties include assisting with treatments ordered by doctors, assisting medical professionals, interviewing patients, measuring vital signs, recording patient information, assessing patients, answering phones, checking on patients, and answering patient questions.

28. While exact job titles may differ, these non-exempt hourly employees were subjected to the same or similar illegal pay practices for similar work in Kindred facilities throughout the United States.

29. Importantly, none of the FLSA exemptions relieving a covered employer (such as Kindred) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Class Members.

30. Plaintiff Parrott was employed by Kindred in Indiana from approximately September of 2019 until she voluntarily left employment with Kindred in April of 2021.

31. Plaintiff and the Putative Class Members agreed with Kindred to be paid on a bi-weekly basis.

32. Kindred agreed to pay Plaintiff and each Putative Class Member a set hourly wage for each hour of work performed for Kindred.

33. Plaintiff and the Putative Class Members are (or were) hourly employees subject to an automatic 30-minute meal break deduction each day.

34. Moreover, Plaintiff and the Putative Class Members are similarly situated with respect to their job duties in that they all perform (or performed) patient-facing healthcare services on behalf of Kindred.

35. Plaintiff and the Putative Class Members are similarly situated with respect to their pay structure in that they are (or were) all paid on an hourly basis, and all have (or had) a thirty-minute meal break deducted automatically.

36. Plaintiff and the Putative Class Members are similarly situated with respect to the policies (and practices) of Kindred resulting in the complained of FLSA and Indiana Acts violations.

37. Plaintiff and the Putative Class Members typically worked between thirty-six (36) to forty (48) hours per week.

38. In addition to their "on-the-clock" hours, Plaintiff and the Putative Class Members worked (and continue to work) between one- and one-half to two- and one-half hours "off-the-clock" per week and have not been compensated for that time.

39. Kindred has a policy to automatically deduct one 30-minute meal period from Plaintiff and the Putative Class Members' daily time regardless of whether they perform compensable work during such "breaks."

40. Non-exempt hourly employees, such as Plaintiff and the Putative Class Members, automatically have thirty (30) minutes per day for a meal period deducted from his or her hours worked each shift.

41. Moreover, Kindred does not completely relieve Plaintiff and the Putative Class Members from duty during their day for the purposes of taking their meal break(s).

42. Specifically, Kindred's policies require Plaintiff and the Putative Class Members to assist patients whenever a patient requests or needs assistance, even if on break.

43. Plaintiff and the Putative Class Members are (or were) required to perform duties, whether active or inactive, during all hours of their shift and frequently are (or were) unable to receive sufficient time to eat a meal due to their constant patient calls and duties.

44. Kindred was (and continues to be) aware that Plaintiff and the Putative Class Members regularly worked (and continue to work) through their meal periods without pay in violation of the FLSA and the Indiana Acts.

45. Kindred's systematic deduction of 30 minutes each day from Plaintiff and the Putative Class Members' "on-the-clock" time resulted (and continues to result) in Plaintiff and the Putative Class Members working straight time hours and overtime hours for which they were (and are) not compensated at the rates required by the FLSA and the Indiana Acts.

46. Specifically, when Plaintiff and Putative Class Members worked three (3) twelve hour shifts in a week and did not receive a full uninterrupted meal break during any shift, Kindred's deduction resulted in Plaintiff and the Putative Class Members not being paid for one and one-half hours of compensable straight time work.

47. When Plaintiff and the Putative Class Members worked four (4) twelve hour shifts in a week and did not receive a meal break during any shift, Kindred's deduction resulted in Plaintiff and the Putative Class Members not being paid for two hours of compensable overtime work.

48. As a result of Kindred's failure to compensate Plaintiff and the Putative Class Members for compensable work performed "off the clock," Plaintiff and the Putative Class Members worked straight time hours and overtime hours for which they were not compensated at the rates required by the FLSA and Indiana Acts.

49. Kindred knew or should have known that it was (and is) not compensating Plaintiff and the Putative Class Members for the proper amount of overtime compensation in violation of the FLSA.

50. Kindred knew or should have known that its failure to pay the correct amount of straight time and overtime to Plaintiff and Putative Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members.

51. Because Kindred did not pay Plaintiff and the Putative Class Members time and a half for all hours worked in excess of forty (40) in a workweek, Kindred's pay policies and practices willfully violate the FLSA.

52. Because Kindred did not pay Plaintiff and the Putative Class Members all wages earned by them within the time limits required by the Indiana Acts, including straight time wages, Kindred's pay policies and practices violate the Indiana Acts.

## V.
## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Collective Action Alleging FLSA Violations)**

**A.   FLSA COVERAGE**

53. The previous paragraphs are fully incorporated herein.

54. The "FLSA Collective" is defined as:

**ALL HOURLY EMPLOYEES WHO WORKED FOR KINDRED HEALTHCARE, LLC, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM JULY 27, 2019 THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE SUBJECT TO AN AUTOMATIC MEAL BREAK PAY DEDUCTION.**

55. At all material times, Kindred has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

56. At all material times, Kindred has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

57. At all material times, Kindred has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in the operation of a hospital and commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

58. Specifically, Kindred operates numerous health care facilities, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

59. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Kindred, these individuals provided services for Kindred that involved interstate commerce for purposes of the FLSA.

60. In performing work for Kindred, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

61. Specifically, Plaintiff and the FLSA Collective Members are (or were) hourly employees who assisted Kindred's customers and employees throughout the United States. 29 U.S.C. § 203(j).

62. At all material times, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

63. The proposed class of similarly situated employees—that is, FLSA collective members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 54.

64. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Kindred.

**B.  FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

65. Kindred violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce, the operation of a hospital, or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

66. Moreover, Kindred knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

67. Kindred knew or should have known its pay practices were in violation of the FLSA.

68. Kindred is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

69. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Kindred to pay them according to the law.

70. The decision and practice by Kindred to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was willful, and was not reasonable or in good faith.

71. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

C. **COLLECTIVE ACTION ALLEGATIONS**

72. All previous paragraphs are incorporated as though fully set forth herein.

73. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of Kindred's employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

74. Other similarly situated employees of Kindred have been victimized by Kindred's patterns, practices, and policies, which are in willful violation of the FLSA.

75. The FLSA Collective Members are defined in Paragraph 54.

76. Kindred's failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Kindred's, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

77. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

78. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

79. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

80. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

81. Absent a collective action, many members of the proposed FLSA collective will not likely obtain redress of their injuries and Kindred will retain the proceeds of their violations.

82. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

83. Accordingly, notice of the action should be promptly sent to the FLSA collective of similarly situated plaintiffs as in Paragraph 54.

## COUNT TWO
### (Class Action Alleging Violations of the Indiana Acts)

**A.   INDIANA ACTS COVERAGE**

84. The preceding paragraphs are incorporated as though fully set forth herein.

85. The "Indiana Class" is defined as:

**ALL HOURLY EMPLOYEES WHO WORKED FOR KINDRED HEALTHCARE, LLC, IN INDIANA, AT ANY TIME FROM JULY 27, 2020 THROUGH THE FINAL DISPOSITION OF THIS MATTER, WHO WERE SUBJECT TO AN AUTOMATIC MEAL BREAK PAY DEDUCTION, AND WERE NOT INVOLUNTARILY TERMINATED**

86. Plaintiff Parrott and the Indiana Class Members were or have been employed by Kindred at any time since July 27, 2020, have been covered employees entitled to the protections of the Indiana Acts, and are (or were) not exempt from the protections of the Indiana Acts.

87. The employer, Kindred, is not exempt from paying all wages earned within the time limits required under the Indiana Acts.

88.     Plaintiff Parrot's claim under the Indiana Acts are not preempted by the FLSA because Plaintiff seeks to recover unpaid wages in non-overtime weeks, individually and on behalf of the Indiana Class Members. *See Neely v. Facility Concepts, Inc.*, 274 F. Supp. 3d 851, 859 (S.D. Ind. 2017), amended in part, No. 116CV03110JMSMJD, 2017 WL 2378283 (S.D. Ind. June 1, 2017).

**B.      FAILURE TO PAY WAGES IN ACCORDANCE WITH THE INDIANA ACTS**

89.     All previous paragraphs are incorporated as though fully set forth herein.

90.     The Indiana Acts require employers like Kindred to pay all wages earned at least semimonthly. IND. CODE ANN. § 22-2-5-1.

91.     Plaintiff and the Indiana Class Members agreed with Kindred to be paid on a bi-weekly basis.

92.     Kindred failed to pay Plaintiff and the Indiana Class Members for all wages earned within the time frame required under the Indiana Acts and within the time frame agreed to by the Parties.

93.     Kindred knew, or had reason to know, it was not paying the Plaintiff and the Indiana Class Members all of their earned wages and that it had an obligation to pay these earned wages.

94.     Thus, Kindred's failure to pay all wages earned was not made in good faith.

95.     Kindred has a company-wide policy and practice of failing to pay Plaintiff Parrott and Indiana Class Members for all hours worked.

96.     As a result of Kindred's illegal and company-wide policies applicable to Plaintiff Parrott and Indiana Class Members' wages, and its failure to pay all wages earned to the Indiana Class Members, Kindred violated the Indiana Acts.

97.     Plaintiff Parrott and Indiana Class Members have suffered damages and continue to suffer damages as a result of Kindred's acts or omissions described herein; though Kindred is in

possession and control of necessary documents and information from which the Indiana Class Members would be able to precisely calculated damages.

98. Plaintiff Parrott and Indiana Class Members seek the amount of their underpayments based on Kindred's failure to pay all earned wages, an equal amount as liquidated damages, and such other legal and equitable relief from Kindred conduct as the Court deems just and proper.

99. Accordingly, the Indiana Acts Class should be certified as defined in Paragraph 85.

### C.   INDIANA CLASS ALLEGATIONS

100. Plaintiff Parrott brings her Indiana claims pursuant to the Indiana Acts as a class action pursuant to Rule 23 on behalf of all similarly situated individuals employed by Kindred to work in Indiana at any time since July 27, 2020.

101. Class action treatment of Plaintiff Parrott and the Indiana Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

102. The number of Indiana Class Members is so numerous that joinder of all class members is impracticable.

103. Plaintiff Parrott's claims share common questions of law and fact with the claims of the Indiana Class Members.

104. Plaintiff Parrott is a member of the Indiana Class, her claims are typical of the claims of other Indiana Class Members, and she has no interests that are antagonistic to or in conflict with the interests of other Indiana Class Members.

105. Plaintiff Parrott and her counsel will fairly and adequately represent the Indiana Class Members and their interests.

106. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class

members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

107. Accordingly, the Indiana Class should be certified as defined in Paragraph 85.

## VI.
## RELIEF SOUGHT

108. Plaintiff Parrott respectfully prays for judgment against Kindred as follows:

    a. For an Order certifying the FLSA Collective as defined in ¶ 54;

    b. For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    c. For an Order pursuant to § 16(b) of the FLSA finding Kindred liable for unpaid overtime wages, due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

    d. For an Order certifying the Indiana Class as defined in ¶ 85, and designating Plaintiff Parrott as Representative of the Indiana Class;

    e. For an Order pursuant to the Indiana Acts awarding Plaintiff Parrott and the Indiana Class Members damages for unpaid wages, liquidated damages, and all other damages allowed by law;

    f. For an Order awarding the costs of this action;

    g. For an Order awarding attorneys' fees;

    h. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

    i. For an Order awarding Plaintiff Parrott a service award as permitted by law;

j. For an Order compelling the accounting of the books and records of Kindred, at Kindred's expense, should discovery rove inadequate; and

k. For an Order granting such other and further relief as may be necessary and appropriate.

Date: July 27, 2022        Respectfully submitted,

           **ANDERSON ALEXANDER, PLLC**

By: */s/ Clif Alexander*
   **Clif Alexander** *(Pro Hac Vice Anticipated)*
   Texas Bar No. 24064805
   clif@a2xlaw.com
   **Austin W. Anderson** *(Pro Hac Vice Anticipated)*
   Texas Bar No. 24045189
   austin@a2xlaw.com
   819 N. Upper Broadway
   Corpus Christi, Texas 78401
   Telephone: (361) 452-1279
   Facsimile: (361) 452-1284

**THE LAWRENCE FIRM, PSC**

By: */s/ Anne L. Gilday*
   Anne L. Gilday (KY Bar ID: 90126)
   606 Philadelphia Street
   Covington, KY 41011
   Telephone: 859-578-9130
   Fax: 859-578-1032
   anne.gilday@lawrencefirm.com

*Counsel for Plaintiff and Putative Collective/Class Members*